**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ABU SAMURA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Case No.:  1:20-cv-02095-SAG |
| | * | |
| SAVASENIORCARE ADMINISTRATIVE | * | |
| SERVICES, LLC, ET AL., | * | |
| | * | |
| Defendants. | * | |
| _____/ | | |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS OR STAY THE CASE AND COMPEL
ARBITRATION, AND FOR AN AWARD OF ATTORNEYS' FEES**

Plaintiff Abu Samura's Opposition to Defendants SavaSeniorCare Administrative Services, LLC ("Administrative Services, LLC") and SSC Catonsville Operating Company, LLC's ("SSC Catonsville") Motion to Dismiss or Stay the Case and Compel Arbitration, and for an Award of Attorneys' Fees fails to show that the arbitration agreement between Plaintiff and Defendants is unenforceable.  As explained below, and for the reasons stated in Defendants' Memorandum in Support of its Motion, all claims asserted in this action should be compelled into arbitration pursuant to 9 U.S.C. §§ 3 and 4 and the proceeding in this Court dismissed, or in the alternative, stayed pending the resolution of the arbitration, and Defendants should be awarded their attorneys' fees incurred in connection with this Motion.

I.     **LEGAL ARGUMENT**

    A.     **Defendant SavaSeniorCare Administrative Services, LLC Has Standing To Compel Arbitration**

Plaintiff's argument that Administrative Services, LLC lacks standing to compel arbitration because it is a non-signatory to the Employment Dispute Resolution Program ("EDR")

Agreement is without merit.  Administrative Services, LLC provides administrative support to SSC Catonsville.  Plaintiff alleges that Administrative Services, LLC is a "co-employer" of Plaintiff.  *See* ECF 1, Complaint, ¶ 5.  Although Defendants dispute that Administrative Services, LLC was Plaintiff's employer or is a joint or co-employer under the law, Plaintiff has brought the *same* claims arising from the *same set of facts* against both Administrative Services, LLC and SSC Catonsville.  In an analogous situation involving a parent-subsidiary relationship, the Fourth Circuit has held that "if 'the charges against a parent company and its subsidiary are based on the same facts and are inherently inseparable, a court may refer claims against the parent to arbitration even though the parent is not formally a party to the arbitration agreement.'"  *Bartels by & through Bartels v. Saber Healthcare Grp.*, LLC, 880 F.3d 668, 678 (4th Cir. 2018) (quoting *J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315, 320-21 (4th Cir. 1988)).  Here, similarly, the claims against Administrative Services, LLC and SSC Catonsville are based on the same facts and are inherently inseparable.  Plaintiff has no basis to contend otherwise.  Accordingly, Administrative Services, LLC has standing to compel arbitration.

      **B.**      **The Parties' Arbitration Agreement Is Supported By Sufficient Consideration**

           **1.**      **The arbitration agreement is not invalid because Defendants did not personally sign the agreement**

Plaintiff's argument that the EDR Program Agreement is invalid because Defendants did not sign it is meritless.  "While a contract cannot bind parties to arbitrate disputes they have not agreed to arbitrate, '[i]t does not follow . . . that under the [Federal Arbitration] Act an obligation to arbitrate attaches only to one who has personally signed the written arbitration provision.'"  *Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411, 416 (4th Cir. 2000) (quoting *Fisser v. Int'l Bank*, 282 F.2d 231, 233 (2d Cir. 1960)); *see Galloway v. Santander Consumer USA, Inc.*, 819 F.3d 79, 89 (4th Cir. 2016) ("The 'written arbitration agreement' that is

necessary to bring an agreement within the FAA's scope is an 'actual document—the physical embodiment of the underlying legal obligations' and need not include any written assent to those obligations.") (quoting *Seawright v. Am. Gen. Fin. Servs.*, 507 F.3d 967, 978-79 & nn. 5-7 (6th Cir. 2007)).  "Rather, a party can agree to submit to arbitration by means other than personally signing a contract containing an arbitration clause."  *Int'l Paper Co.*, 206 F.3d at 416.

Defendants agreed to arbitration by considering Plaintiff for employment and hiring him. *See* ECF 9-1, Exhibit 1, Exhibit 1 thereto ("If you wish to be considered for employment, you must read and sign the following agreement binding you to use the EDR Program to resolve all disputes.").  Thus, the EDR Program Agreement is supported by sufficient consideration.

### 2.    The arbitration agreement does not lack mutuality of consideration

Plaintiff's Opposition fails to show that the EDR Program Agreement lacks mutuality of consideration.  "[M]utuality 'does not require an exactly even exchange of identical rights and obligations between the two contracting parties' for an arbitration agreement to be valid."  *Best Effort First Time, LLC v. Southside Oil, LLC*, 2018 WL 1583465, at *7 (D. Md. Mar. 30, 2018) (quoting *Walther v. Sovereign Bank*, 386 Md. 412, 433 (2005)).  "Accordingly, the fact that an arbitration clause carves out limited exceptions for one party does not destroy mutuality, nor does it render the agreement illusory."  *Id.*  "Indeed, '[i]t is well settled that the Courts of Law . . . will not inquire into the adequacy of the value exacted for the promise so long as it has some value.'"  *Owen v. CBRE, Inc.*, 2016 WL 7033973, at *4 (D. Md. Dec. 2, 2016) (quoting *Walther*, 386 Md. at 433). "And, this Court has observed that 'arbitration agreements that more frequently bind the employee than the employer are valid despite the differences in the parties' rights.'"  *Id.* (quoting *Rose v. New Day Fin., LLC*, 816 F. Supp. 2d 245, 259 (D. Md. 2011)).

Here, the EDR Program Booklet carves out a limited exception for claims by Defendants

"for injunctive relief to protect trade secrets and confidential information." ECF 9-1, Exhibit 1, Exhibit 3 thereto, page 3. However, the EDR Program Agreement unequivocally binds Plaintiff and Defendants to the dispute resolution process. Defendants did not reserve the right to alter, amend, modify, or revoke this obligation. Moreover, the mutuality of the obligation is repeatedly referenced. *See* ECF 9-1, page 7. Accordingly, the EDR Program Agreement is supported by mutuality of consideration.

### 3.      The arbitration agreement allows Plaintiff to demand arbitration

Plaintiff claims that he cannot demand arbitration because the EDR Administrator can potentially "sit" on Plaintiff's demand for arbitration and not initiate the arbitration process. Plaintiff contends that the EDR Program Booklet does not expressly require the EDR Administrator to take any action after receiving an employee's demand for arbitration. Plaintiff's argument is without merit because the EDR Program Booklet clearly requires Defendants to initiate the arbitration process for covered claims by employees. *See* ECF 9-1, page 7.

Plaintiff's reliance on *Raglani v. Ripken Prof'l Baseball*, 939 F. Supp. 2d 517 (D. Md. 2013) is misplaced. In *Raglani*, the court found that the employer's multi-step dispute resolution program "lacks any suggestion that [the employer] is required to submit any dispute it may have with an employee to arbitration, and contains no other potential 'mutuality of obligation'" between the employer and the employee. 939 F. Supp. 2d at 523. As discussed above, there is mutuality of obligation between Plaintiff and Defendants. *See supra* Section I.B.2. Thus, the lack of an express provision requiring the EDR Administrator to submit the dispute to arbitration does not invalidate the EDR Program Agreement.

### 4.      The EDR Program is not shrouded in secrecy

Plaintiff argues that the EDR Program is secret because the names of the EDR Program

personnel are not identified in the EDR Program Booklet.  Plaintiff cites no case law in support of that proposition.  Moreover, Plaintiff acknowledges that he ultimately received the name of Defendants' Region Human Resources Representative.  *See* ECF 10-1, page 12.

Plaintiff also argues that the EDR Program is secret because he did not receive a copy of the arbitration rules.  In *Hooters of Am. v. Phillips*, a case cited in Plaintiff's Opposition and not binding on this Court, the U.S. District Court for the District of South Carolina stated that "[i]n the orthodox situation the content of arbitration rules would not constitute a material term of the agreement because such rules would address merely procedural matters of the forum."  39 F. Supp. 2d 582, 606-07 (D.S.C. 1998).  On appeal, the Fourth Circuit held that the employer "materially breached the arbitration agreement by promulgating rules so egregiously unfair as to constitute a complete default of its contractual obligation to draft arbitration rules and to do so in good faith." *Hooters of Am., Inc. v. Phillips*, 173 F.3d 933, 938 (4th Cir. 1999).

Here, the EDR Program Booklet sufficiently describes the arbitration process, including the available discovery methods, how evidence is presented during the hearing, and the requirement that the arbitrator issue a written decision that is binding on all parties.  *See* ECF 9-1, Exhibit 1, Exhibit 3 thereto, page 8.  Plaintiff does not claim, nor could he claim, that the arbitration rules are one-sided.  Accordingly, the EDR Program Agreement is not invalid because Plaintiff does not have a copy of the arbitration rules.

### 5.    Defendants do not have unbridled discretion to avoid arbitration

Plaintiff argues that Defendants have unbridled discretion to avoid arbitration by "simply ignoring or refusing to process [an] employee's dispute through any or all steps[.]"  ECF 10-1, page 11.  Plaintiff's argument is meritless because Defendants are bound to arbitrate all claims covered by the EDR Program.  Defendants did not reserve the right to alter, amend, modify, or

revoke this obligation.  Accordingly, the EDR Program Agreement is valid and enforceable.

**C.     The Arbitration Agreement Is Not Unconscionable**

Plaintiff contends that the EDR Program Agreement is unconscionable because it is a contract of adhesion and gives Defendants unilateral power to decide whether any employee dispute is actually submitted to arbitration.  However, the Agreement is not procedurally unconscionable because the language in the Agreement is clear and unambiguous.  Notably, Plaintiff does not contend (1) that he made any attempt to negotiate the terms of the Agreement; (2) that he did not understand that he had agreed to waive his right to a jury trial; and (3) that he was not given an adequate opportunity to review the EDR Program materials before signing. Merely alleging that the Agreement was presented on a take-it-or-leave-it basis is not enough to show procedural unconscionability.

Furthermore, the Agreement is not substantively unconscionable because it is not one-sided.  The Agreement is mutually binding on Plaintiff and Defendants.  *See supra* Section I.B.2. Accordingly, the Court should find that the Agreement is not unconscionable.

**D.     Plaintiff's Claims Fall Within The Scope Of The Arbitration Agreement**

Plaintiff concedes that if the Court finds that the Agreement is valid, then his claims are covered by the Agreement.  *See* ECF 10-1, page 14.  Accordingly, it is undisputed that Plaintiff's claims fall within the scope of the Agreement.

**E.     Defendants' Should Be Awarded Their Attorneys' Fees As A Sanction For Plaintiff's Lack Of Justification For His Refusal To Arbitrate**

Plaintiff's challenges to the validity of the Agreement are meritless and contrary to well-established law.  Plaintiff has no basis to contend that his challenges are supported by existing law or a nonfrivolous argument for extending existing law.

First, Plaintiff's argument that Administrative Services, LLC lacks standing to compel

arbitration is contrary to Fourth Circuit case law since at least 1988.  *See supra* Section I.A. Second, Plaintiff's argument that the Agreement is invalid because Defendants did not sign it is contrary to Fourth Circuit case law since at least 2000.  *See supra* Section I.B.1.  Third, Plaintiff's argument that the Agreement lacks mutuality is contrary to the plain language of the Agreement and Maryland case law since at least 2005.  *See supra* Section I.B.2.  Finally, Plaintiff's arguments that he cannot demand arbitration, that the EDR Program is secret, that Defendants have unbridled discretion to avoid arbitration, and that the Agreement is unconscionable lack any factual or legal basis.  *See supra* Sections I.B.3-I.B.5, I.C.

Accordingly, the Court should award Defendants' their attorneys' fees as a sanction for Plaintiff's lack of justification for his refusal to arbitrate.

### F.     Plaintiff's Request To Be Awarded His Attorneys' Fees Should Be Denied

Plaintiff contends that he should be awarded his attorneys' fees in connection with preparing his Opposition.  Plaintiff's request should be denied because he did not file a motion. Additionally, there is no factual or legal basis to sanction Defendants for the delay in initiating arbitration.  Plaintiff does not argue, nor could he argue, that Defendants waived their arbitrate. Accordingly, the Court should deny Plaintiff's request to be awarded his attorneys' fees.

## II.    CONCLUSION

There being no dispute that Plaintiff's claims are squarely within a valid and enforceable arbitration agreement, Defendants respectfully request that the Court grant their Motion and either dismiss or stay the case and compel Plaintiff to submit his claims to arbitration.  Defendants further respectfully request that the Court award their attorneys' fees incurred in connection with their Motion because Plaintiff lacks justification for his refusal to arbitrate.

Date: November 10, 2020

Respectfully submitted,

_____/s/_____

Teresa D. Teare (Bar No. 28055)
Alexander I. Castelli (Bar No. 20550)
SHAWE ROSENTHAL LLP
One South Street, Suite 1800
Baltimore, MD  21202
Telephone:  (410) 752-1040
Facsimile:  (410) 752-8861
tdt@shawe.com
aic@shawe.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Defendants' Reply in Support of Motion to Dismiss or Stay the Case and Compel Arbitration, and for an Award of Attorneys' Fees was electronically filed and thereby served on November 10, 2020, to:

Jeanett P. Henry, Esquire
8403 Colesville Road, Suite 1100
Silver Spring, MD 20910
Jhenry2085@aol.com

*Counsel for Plaintiff*

_____/s/_____

Alexander I. Castelli