**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF**<br>**STEPHANIE A. GALLAGHER**<br>**UNITED STATES DISTRICT JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-7780**<br>**MDD_SAGchambers@mdd.uscourts.gov** |

December 23, 2020

LETTER TO COUNSEL

      Re:  <u>Abu Samura v. SavaSeniorCare, et al.</u>, Civil Case No. 1:20-cv-02095-SAG

Dear Counsel:

      On November 25, 2020, the Court issued an opinion in this case that ordered, in part, Defendants to show cause as to why their pursuit of sanctions for Plaintiff's alleged "refusal to arbitrate" is not itself frivolous and worthy of sanctions. ECF 13 at 7-8. Plaintiff provided a summary of fees incurred in arguing against Defendants' motion for sanctions, ECF 15, and Defendants responded. ECF 16. The Court, having considered these filings, concludes that sanctions are not ultimately warranted. Defendants explained the good faith basis for their belief that the motion for sanctions was meritorious, namely their September 22, 2020 letter requesting that Plaintiff dismiss his complaint and go through the EDR process and Plaintiff's subsequent refusal. ECF 16-1, 16-4.

      That said, the Court wishes to make clear that Defendants' pattern of unresponsive delay when it comes to the EDR process is unacceptable. Plaintiff spent more than a year unsuccessfully attempting to engage Defendants in their own EDR process. Others have encountered precisely this same difficulty, driving them to litigation as well. *See Boettcher v. SSC Glen Burnie Operating Co., LLC*, No. CV WMN-15-3714, 2016 WL 4395880, at *4 (D. Md. Aug. 18, 2016). Defendants' response, ECF 16, does little to assuage the Court's concern that they prevent their employees from initiating dispute resolution. Instead, Defendants double down and argue that arbitration must be compelled despite their delay. *Id.* at 16. Although this Court is not imposing sanctions at this juncture, a continued pattern of engaging in these practices will likely meet a different result in future litigation. An agreement requiring employees to engage exclusively in an EDR process that is functionally impossible to access absent court intervention implicates serious concerns over its potentially illusory nature. The Court hopes that resolution of this question can be avoided via Defendants' improved responsiveness going forward, as opposed to their present insistence that their dilatory conduct is immaterial to the enforcement of their arbitration agreement.

      For the foregoing reasons, Plaintiff's Motion for Attorney Fees, ECF 15, is DENIED. Despite the informal nature of this letter, it is an Order of the Court and will be docketed as such.

                                                      Sincerely yours,
                                                      /s/
                                                    Stephanie A. Gallagher
                                                   United States District Judge